IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAGGIE F. SHAVERS                                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:12cv70HSO-JMR

MICHAEL J. ASTRUE,                                                 DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION
AND AFFIRMING DECISION OF COMMISSIONER**

This cause comes before the Court on Plaintiff's Statement of Objection [12] to Magistrate Judge Robert H. Walker's Report and Recommendation [11] entered in this cause on December 20, 2012. Magistrate Walker reviewed the record and pleadings on file and determined that the decision rendered by the Commissioner was supported by substantial evidence and should be affirmed. Report and Recommendation [11] at p. 10. Plaintiff has filed Objections [12] to the Report and Recommendation, and the Commissioner has filed a Response [13] in Opposition to Plaintiff's Objections. After review of the record and pleadings on file, the Court, being fully advised in the premises, finds that Plaintiff's Objections should be overruled, and that the Magistrate's Recommendation should be adopted as the opinion of this Court for the reasons that follow.

I. DISCUSSION

A.     Standard of Review

Because Plaintiff has filed Objections to the Magistrate's Report and

Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). This Court must determine whether or not the Commissioner's decision is supported by substantial evidence and, if it is, then it must affirm the decision of the Commissioner.

B.    Plaintiff's Objections to the Report and Recommendation

Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge's ["ALJ"] decision was supported by substantial evidence. Plaintiff takes issue with the hypothetical posed by the ALJ to vocational expert Stephanie May during the hearing, in light of the "significant weight" given by the ALJ to the Physical Capacities Evaluation ["PCE"] performed by Lynn Baltas, P.A. Pl.'s Obj. [12], at pp. 1-2. Plaintiff contends that "the ALJ did not incorporate the limitations into her hypothetical . . . [i]f the PCE would have been incorporated into the hypothetical, the Vocational Expert's response would have been that there was no work said hypothetical person could perform." *Id*. at p. 2.

At the outset, the Court notes that the sole issue raised by Plaintiff in her

Objections is the same issue that was presented for review by the Magistrate Judge, namely whether the ALJ erred by failing to ask the vocational expert a proper hypothetical question. The record reveals that the ALJ determined that there were jobs in the national economy which Plaintiff was capable of performing, based upon the medical and vocational evidence, including the testimony of Vocational Expert Stephanie May. R. [8], ALJ Decision pp. 14-20, at p. 19. The ALJ considered the testimony in light of the medical and vocational evidence, and concluded that Plaintiff maintained a residual functional capacity to perform sedentary work with additional conditional limitations/restrictions which included a sit/stand option, limited walking, limited use of upper extremities, and an eight pound lifting maximum. R. [8], ALJ Decision pp. 14-20, at p. 17. In arriving at this decision, the ALJ found that "no physician of record has cited more restrictive findings or opined that claimant was unable to performed the tasks noted in the assigned RFC." *Id.* at pp. 17-18.

In the Report and Recommendation, both the Residual Functional Capacity Assessment performed by Dr. James Griffin, and the PCE prepared by Physician's Assistant Baltas were addressed. Report and Recommendation [11] at pp. 4-6. The Report and Recommendation thoroughly examined the issues, as well as the requirements Plaintiff needed to establish for a determination of disability, and correctly noted that: 1) the ALJ was not required to accept all of the medical findings made by Physicians Assistant Baltas; and 2) pursuant to 20 C.F.R. § 404.1513(a), it was within the discretion of the Commission to "use evidence from" a

physician's assistant to show the severity of impairments or their effect on the claimant's ability to work.  Report and Recommendation [11] at pp.  9-10.

The Court finds that Plaintiff's assertions that the hypothetical posed was improper and the ALJ's decision was unsupported by the evidence, are contrary to the record.  There is substantial evidence of record in support of the Commissioner's findings that Plaintiff has the residual functional capacity ["RFC"] to perform sedentary work, and a significant number of jobs in the national economy exist which Plaintiff could perform.  The Court, having conducted the requisite review, concludes that the Magistrate Judge's findings and recommendations are neither clearly erroneous nor contrary to law.  28 U.S.C. § 636(b)(1).  The Court finds that the Magistrate Judge properly recommended that the decision of the Commissioner be affirmed.  The Court further finds that, for the reasons stated herein, Plaintiff's Objections should be overruled and the Report and Recommendation [11] of United States Magistrate Judge Robert H. Walker entered in this cause on December 20, 2012, should be adopted as the finding of this Court.

## II. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), this Court has conducted an independent review of the record and a *de novo* review of the matters raised by Plaintiff's Objections.  For the reasons set forth above, the Court concludes that there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled.  Plaintiff's Objections [12] should be overruled. The Court further concludes that the Magistrate's Report and Recommendation should be adopted as

the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objections [12] filed in this cause on January 3, 2013, are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [11] of Magistrate Judge Robert H. Walker entered on December 20, 2012, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner is **AFFIRMED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE